## THE PEOPLE *v.* ORTIZ.

### APPEAL from the District Court of Ponce.

No. 11.—Decided June 22, 1904.

APPEAL—BILL OF EXCEPTIONS—EXCEPTIONS EMBODIED IN THE MINUTES OF THE TRIAL.—Although no bill of exceptions has been included in the transcript of the record presented for the purposes of an appeal, the court has the power to consider such exceptions as are embodied in the minutes of the trial.

INFORMATION—PLEA OF FORMER ACQUITTAL OR CONVICTION OF THE SAME OFFENSE —MINUTES OF THE TRIAL.—The plea of the defendant, that he has already been tried for the same offense, must be interposed at the time of pleading to the information, not only naming the court by which he was previously tried, but also stating the date of the judgment and entering it upon the minutes of the court.

EVIDENCE—IRRELEVANT QUESTIONS.—All questions with regard to matters which have no connection whatever with the facts at issue on the trial are irrelevant and inadmissible.

ID.—ADMISSIBILITY.—Where the admission of certain evidence is denied to defendant, and neither the purpose contemplated by the defendant in the presentation of the evidence, nor the reasons of the judge in denying its admission appear from the transcript of the record, the appellate court will not consider the admissibility thereof.

The facts are stated in the opinion.

*Mr. del Toro, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

The defendant, Rómulo Ortiz, has come into this court with an appeal taken from a judgment of the District Court of Ponce finding him guilty of the crime of embezzlement, embraced in and made punishable by sections 450 and 430 of the Penal Code, and sentencing him to the penalty of two years of imprisonment at hard labor, to be served in the penitentiary, and to the payment of the costs occasioned by the prosecution. The appellant was duly informed against by the district attorney of Ponce on the 14th day of August of last year for the crime in question, alleged to have been committed as follows:

"In the municipal district of Santa Isabel, judicial district of
Ponce, during the early months of the present year, Rómulo Ortiz,
the former overseer of the plantation 'Obdulia,' of Fernando Vendrell,
unlawfully and fraudulently employed, for his own profit, ten head
of cattle intrusted to his keeping, said cattle being described as follows:
One bay bullock, with a white belly, called 'Borinquen,' No. 128,
marked with the letters 'FAV;' one brindle bullock, No. 215, marked
'FAV'; one brindle heifer, with a white spot on forehead, No. 31,
marked 'FAV'; one dark brown heifer, No. 113, marked 'FAV'; one
black heifer, with white spots on the belly, No. 160, marked 'FAV';
one red heifer, with white belly, No. 351, marked 'FAV'; one bay
and yellow-colored heifer, No. 332, marked 'FAV'; one almost black
bay heifer, having a thick tail with black tip, No. 354, marked 'FAV';
two unmarked calves weighing from four to five *arrobas.*"

On the 15th of September following the defendant ap-
peared before the court, pleaded not guilty of the charge, and
stated that he desired to be tried by the court without a jury.
The trial having been held in different sessions, the first of
which took place on the 2d of October and the last on the 9th
of said month, the following appears from the proper records:
1. That the district attorney, after having formulated the
charges contained in the information against the defendant,
proffered the testimony of witnesses, whereupon the attorney
for the defendant interposed the plea that the latter had
already been tried for the same offense, which exception was
overruled on the ground that the time for presenting the same
had already expired; 2. That while the witness Fernando
Vendrell was being interrogated by counsel for the accused
as to whether he knew that the justice of the peace had no
authority to make attachments, the district attorney objected
to the question being answered, and the court ruled that it was
irrelevant, to which counsel for the defendant took an excep-
tion; 3. That said attorney also took an exception to the ruling
of the court refusing to permit the introduction in evidence
of the books of Vendrell containing the accounts of the plan-
tation "Obdulia;" 4. That the attorney for the defendant,

having asked the witness, Domingo Sánchez, if he knew whether, when cattle have been grazing in one pasture and are put into another pasture on fresh grass, they become sick and die, the presiding judge, in concurrence with the court, ruled that such question was irrelevant, to which ruling counsel took an exception; 5. That while the defendant was testifying the court excluded as irrelevant the following question of his attorney: "Do you know why Mr. Vendrell took possession of his animals or property?" the proper exception having been saved.

In view of the result of the evidence, the court rendered judgment on said 22d day of October, sentencing Rómulo Ortiz to the penalty previously referred to, and from this judgment the defendant prosecuted an appeal, which was allowed, the proper record having been sent up to this Supreme Court for the decision of the appeal. No bill of exceptions has been presented, and neither has any ground been alleged in support of the appeal, either in the trial court or in this court; but this court, in the exercise of the powers conferred upon it by the Act of March 12, 1903, converting the Supreme Court of Cassation into a court of appeals, will examine the exceptions embodied in the minutes of the trial.

The plea interposed by the attorney for Rómulo Ortiz to the effect that he had already been tried for the same offense, which was overruled by the court, was not presented in due time and form, inasmuch as it should have been alleged at the time of pleading to the information, as may be inferred from sections 144, 162, and 163 of the Code of Criminal Procedure; and not only the court by which Ortiz was tried should have been named, but the date of the judgment should also have been stated and entered upon the minutes of the court in accordance with the provisions of subdivision 3 of section 163 already cited. These requirements of time and form not having been complied with, the trial court proceeded according to law in overruling said exception.

The Ponce court likewise proceeded according to·law in holding that various questions propounded by the attorney for the defendant—namely, those which we have incorporated above—were irrelevant; for such questions were in fact irrelevant as departing from the subject of the judicial controversy.

With respect to the ruling of said court refusing to permit the introduction of the books kept by Fernando Vendrell, and in which àre found the accounts of the plantation "Obdulia," the object contemplated by the attorney for the defense by the introduction of said books cannot be gathered from the record, nor the reason why the court refused to permit their introduction.    Moreover, the fact is shown by the record that at the session of the trial preceding the last two sessions, the defendant submitted as documentary evidence nine statements of the receipts and expenditures of the plantation "Obdulia" during as many other weeks, rendered by Rómulo Ortiz to the owner Vendrell; a book kept by Ortiz to ascertain the existing number of cattle and to enable him to make a recount of the same, which had been delivered to him by Vendrell; two other memorandum books which Vendrell had in his possession, in which is detailed the number of cattle found on the plantation "Obdulia;" and a day book of accounts of the plantation "Obdulia" from the time it was acquired by Vendrell up to the 12th of September; a record drawn up·by Fernando Vendrell in the presence of witnesses showing the result of the recount of the cattle of the estate at the time Ortiz ceased to act as overseer; and a letter to Vendrell acknowledging the receipt of a head of cattle, with the object of receiving it upon the plantation "Obdulia."    In consideration of this documentary evidence, which was admitted by the trial court, this court is in no position to affirm that the introduction of the books, which was refused upon the trial and formed the basis of one·of the exceptions, would be proper; but if it was improper, it was incumbent upon the defendant to show it, and

this he has not even attempted to do by setting up the proper allegations.

For the foregoing reasons, this court is of the opinion that, far from having committed any error affecting the substantial rights of the defendant, full justice has been done in rendering the judgment appealed from, and the same must be affirmed, with costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.